UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ARCTIC CAT, INC. and ARCTIC CAT SALES INC., | Civil No. 13-cv-3579 (JRT/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| POLARIS INDUSTRIES INC., *a Minnesota Corporation*, and POLARIS INDUSTRIES, INC., *a Delaware Corporation*, | |
| Defendants. | |

John C. Adkisson, Joseph A. Herriges, and Ann N. Cathcart Chaplin, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for plaintiffs.

Dennis C. Bremer, William F. Bullard, Alan G. Carlson, and Samuel T. Lockner, **CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN, PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants.

This is one of three patent infringement actions currently before the Court, involving Arctic Cat Inc. ("Arctic Cat") and Polaris Industries Inc. ("Polaris"). Each of the actions involves patent disputes concerning all-terrain vehicles with side-by-side seating. Arctic Cat moved to consolidate the three actions, and on February 11, 2015, Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending that the Court grant Arctic Cat's motion for consolidation. Polaris has objected to one paragraph in the "Findings of Fact" section of the R&R, which describes

a letter sent by Polaris to Arctic Cat in 2013. Because the Court finds that the R&R's characterization of the letter may be misleading, the Court will sustain Polaris's narrow objection and adopt the R&R with modified language in the second paragraph.

## BACKGROUND

Arctic Cat and Polaris are currently involved in three patent disputes over Arctic Cat's "Wildcat" all-terrain vehicles and Polaris's patents for its "RANGER RZR" side-by-side all-terrain vehicle.[1] (*See* Pls.' Mem. in Supp. of Mot. to Consolidate at 1-5, Nov. 11, 2014, Docket No. 51.) On November 14, 2014, Arctic Cat moved to consolidate all three actions for pretrial purposes, in light of the related nature of the cases. (Mot. to Consolidate, Nov. 14, 2014, Docket No. 49.) On February 11, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that Arctic Cat's motion be granted and the cases consolidated. (Report & Recommendation ("R&R") at 1, Feb. 11, 2015, Docket No. 68.)

Polaris timely objected to the R&R on February 25, 2015, narrowly challenging one paragraph contained in the "Findings of Fact" section. (Def.'s Objection to the Magistrate Judge's R&R ("Objection"), Feb. 25, 2015, Docket No. 71.) Specifically, Polaris objects to the second paragraph of the R&R, which states:

> On December 3, 2013, Defendant Polaris Industries Inc. ("Polaris") sent Plaintiff Arctic Cat Inc. ("Arctic") a letter informing Arctic that its "Wildcat" line of all-terrain vehicles ("ATVs") infringed on Polaris's U.S. Patent Nos. 8,596,405 ("the '405 patent"), 7,819,220 ("the '220 patent"),

---

[1] *See Arctic Cat Inc. et al. v. Polaris Indus. Inc. et al.*, Case No. 13-cv-3579 (JRT/FLN); *Polaris Indus. Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3386 (JRT/FLN); and *Polaris Indus. Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3412 (JRT/FLN).

  and 8,382,125 ("the '125 patent").  *See* Herriges Decl. Ex. B, ECF No. 52.
  Polaris additionally claimed that Arctic's "Wildcat" ATVs would infringe
  on two of Polaris's pending patent applications.  *Id.*

(R&R at 1-2.)  Polaris argues that this characterization of the December 3, 2013 letter is not consistent with the record.  Polaris maintains that the letter separately refers to two different sets of Arctic Cat products and treats their potential to infringe on Polaris's patents more tentatively than the R&R suggested.  The full text of the relevant paragraph of Polaris's letter reads as follows:

  As for the Arctic Cat product line, we are aware of the Wildcat and Wildcat
  4 versions, as well as, the newly introduced Wildcat Trail.  We have
  reviewed the Wildcat and Wildcat 4 vehicles and have concluded that they
  infringe Polaris' U.S. Patent No. 8,596,405 (copy enclosed), which issued
  today, December 3, 2013.  While the Wildcat Trail has only recently been
  released, based upon photos and other information obtained, we believe that
  it too will infringe upon at least one or more of the claims of Polaris' U.S.
  Patent Nos. 7,819,220; 8,382,125; 8,596,405; or one or more of the claims
  of Polaris' pending published patent applications; for example
  US20080023240 or US20130161109; collectively referred to as "Polaris
  Patents."

(Decl. of Joseph A. Herriges in Supp. of Mot. to Consolidate ("Herriges Decl."), Ex. B at 2, Nov. 11, 2014, Docket No. 52.)  This matter is now before the Court on Polaris's objection to the R&R's characterization of the December 3, 2013 letter.

## DISCUSSION

### I. STANDARD OF REVIEW

  Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file objections to the order."  Fed. R. Civ. P. 72(a).  The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial

matters is a deferential one, under which the Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r*, 79 F.3d 726, 728 (8th Cir. 1996).

## II.   POLARIS'S OBJECTION

Polaris's objection is limited to the second paragraph of the R&R. Polaris asserts that the paragraph mischaracterizes the content of a letter sent from Polaris to Arctic Cat on December 3, 2013. Polaris offers three reasons for its objection: (1) the characterization of the letter is not consistent with the record; (2) the characterization of the letter does not relate to the legal analysis in the R&R and is therefore irrelevant as a formal finding of fact; and (3) Arctic Cat never requested a finding relative to the characterization of the letter, so Polaris did not have a chance to address the letter prior to the issuance of the R&R. (Objection at 3-5.)

The main argument Polaris advances in its objection is that the R&R erroneously describes the content of the December 3, 2013 letter by failing to acknowledge that Polaris's letter made differing allegations with respect to different Arctic Cat products. Polaris asserts that although its letter affirmatively alleged that the "Wildcat" and "Wildcat 4" products violated Polaris's '405 patent, at the time of its letter Polaris did not have sufficient information to allege which of its patents might be infringed by Arctic Cat's "Wildcat Trail" product. (*See* Herriges Decl., Ex. B at 2.) Therefore, the letter was

phrased "tentatively" to indicate that Polaris believed the "Wildcat Trail" would infringe "one or more" of Polaris's patents, not that it would definitely infringe **each** of the '405, '125, and '220 patents.

In response, Arctic Cat characterizes Polaris's objection as an attempt to have "this Court find that Polaris never actually accused Arctic Cat of infringement . . . ." (Pls.' Resp. to Objection to R&R at 2, Mar. 11, 2015, Docket No. 75.) This misstates Polaris's objection. Polaris seeks only to have this Court clarify the content of a specific letter from a specific date. Arctic Cat appears to raise three distinct arguments in support of its opposition: first, Polaris's conduct in this litigation since the letter was filed precludes Polaris from arguing that it never accused Arctic Cat of infringement; second, Polaris waived this objection by not raising it sooner in response to Arctic Cat's motion to consolidate; and third, Polaris's objection is contrary to a previous order of this Court. (*Id.*)

As to Arctic Cat's first argument, the Court notes that Polaris's objection is strictly limited to the meaning of the plain text of one paragraph of its December 3, 2013 letter. Any subsequent interactions between these parties, including subsequent litigation tactics, do not change the text of the letter. Thus, the Court will not base an interpretation of the letter on Polaris's subsequent conduct.

As to Arctic Cat's second argument, the Court finds that Polaris has not waived this objection. In support of its argument to the contrary, Arctic Cat points to *United States v. Nguyen*, No. 09-172, 2010 WL 5146414, at *1 (D. Minn. Dec. 13, 2010), in which the court held that a criminal defendant had waived arguments to suppress

evidence because the defendant raised the arguments for the first time in his objection to an R&R.  *Id.*  As the court observed in that case, however, the arguments considered waived by the *Nguyen* defendant could have been appropriately raised earlier, either in a motion to suppress or during oral argument at the defendant's suppression hearing, but the defendant did not raise the argument until the magistrate judge had already issued an R&R.  *Id.*  Those are not the facts here. Although Arctic Cat did address Polaris's infringement claims in its motion, Polaris's objection is to the manner in which the Magistrate Judge characterized the December 2013 letter.  Polaris could not have known, prior to the R&R's issuance, the wording the magistrate judge would use to describe the content of the letter.  Therefore, the Court will not find that Polaris waived this objection.

Finally, with respect to Arctic Cat's third argument, Arctic Cat maintains that Polaris's objection is contrary to this Court's prior Order ruling that the December 2013 letter established a dispute as to infringement of the '125 and '220 patents.  (Mem. Op. & Order at 16 n.5, Oct. 20, 2014, Docket No. 60.)  In the October 20, 2014 Order, the Court mentioned the letter in a footnote, explaining that "[t]he Court has jurisdiction over Arctic Cat's declaratory judgment claims, which Polaris does not dispute, as the claims present a case or controversy under Article III because the letter created a 'definite and concrete' dispute about the parties' legal relationship."  (*Id.*)   This footnote merely indicated that the letter suggested a dispute between the parties, sufficient to give rise to a case or controversy for the purposes of federal jurisdiction under Article III.  In that Order, the Court did not address whether Polaris's letter specifically alleged that Arctic Cat's "Wildcat Trail" product infringed the '125 and '220 patents.  Accordingly, the

Court finds that the October 20, 2014 Order does not directly conflict with Polaris's current objection and does not bar their arguments as to the text of the letter.

Upon reviewing the text of the letter, the Court concludes that it was clear error to characterize the letter as accusing all "Wildcat" products of infringing on all three Polaris patents.  *See Chakales*, 79 F.3d at 728.  Therefore, the Court will sustain Polaris's limited objection to the second paragraph of the R&R.  Finding no clear error as to the remainder of the R&R, the Court will adopt the R&R, with the modification that the second paragraph will be replaced in its entirety by the exact text of Polaris's December 3, 2013 letter that Polaris cites in its objection.

# ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **SUSTAINS** Polaris's objection [Docket No. 71] and **MODIFIES** the Report and **ADOPTS** the Recommendation of the Magistrate Judge dated October 24, 2014 [Docket No. 68].  Accordingly **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation dated October 24, 2014 [Docket No. 68] is amended by striking the first paragraph in Section I.A. and replacing it with the following text:

> On December 3, 2013, Defendant Polaris Industries Inc. ("Polaris") sent Plaintiff Arctic Cat Inc. ("Arctic") a letter "constitut[ing] notification of claims of patent infringement."  *See* Herriges Decl. Ex. B, ECF No. 52.  The letter alleged the following:
>
>> As for the Arctic Cat product line, we are aware of the Wildcat and Wildcat 4 versions, as well as, the newly introduced Wildcat Trail.  We have reviewed the Wildcat and

>    Wildcat 4 vehicles and have concluded that they infringe Polaris' U.S. Patent No. 8,596,405 (copy enclosed), which issued today, December 3, 2013. While the Wildcat Trail has only recently been released, based upon photos and other information obtained, we believe that it too will infringe upon at least one or more of the claims of Polaris' U.S. Patent Nos. 7,819,220; 8,382,125; 8,596,405; or one or more of the claims of Polaris' pending published patent applications; for example US20080023240 or US20130161109; collectively referred to as "Polaris Patents."

*Id.*

    2.    Plaintiffs' Motion to Consolidate Cases for Pretrial Purposes [Docket No. 49] is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that a copy of this Order shall also be filed in *Polaris Industries Inc., et al. v Arctic Cat Inc., et al.*, Civil No. 14-3386 (JRT/FLN) and *Polaris Industries Inc., et al. v Arctic Cat Inc., et al.*, Civil No. 14-3412 (JRT/FLN).

DATED: May 12, 2015                  _____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                          United States District Judge